UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03cr160-1-MU

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| EUGENIO RICHARD TAPIA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's "Motion for Sentencing Adjustment" (Document No. 79), filed July 28, 2006. For the reasons stated herein, Defendant's request will be denied.

On March 22, 2004 Eugenio Tapia, plead guilty to 21 U.S.C. §§ 841(a)(1) and 846. On August 31, 2004 this Court sentenced Mr. Tapia. During the sentencing hearing, this Court granted Defendant's objection to the use of the 2003 Edition of the Sentencing Guidelines Manuel and allowed for the use of the 2002 Guidelines Manuel. The Court then departed downward 2 points pursuant to 3B1.2 based on Defendant's minor role in the offense. The Court denied Defendant's motion for a downward departure based on aberrant behavior. Defendant was sentenced to 37 months imprisonment followed by two years supervised release. Defendant did not appeal his conviction and sentence nor did he file a Motion to Vacate under 28 U.S.C. § 2255. Instead, Defendant filed the instant motion almost two years after he was sentenced asking this Court to adjust his sentence because his status as a deportable alien makes him ineligible to receive the

1

benefit of a year off his sentence for participation in the Residential Drug Abuse Program and placement in a halfway house six months prior to his release. Defendant argues that these collateral consequences make his sentence more harsh than that of United States citizens convicted of the same offense.

Defendant offers no statutory authority for this Court to modify his sentence under these circumstances and this Court is aware of no such authority. Indeed, Title 18 U.S.C. § 3582(c) allows for the modification of an imposed term of imprisonment upon motion of the Director of the Bureau of Prisons or to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. However, Rule 35 only applies when a motion has been made within seven days after sentencing to correct a clear error or upon the government's motion based on a defendant's substantial assistance. None of these circumstances are present here. Therefore this Court is without authority to grant Defendant's Motion.

Defendant cites to two cases in support of his motion, however, neither case is particularly helpful to Defendant. In United States v. Cubillos, 91 F.3d 1342 (9th Cir. 1996), the government appealed the district court's downward departure for the Sentencing Guidelines based on the defendant's increased sentence severity resulting from her status as a deportable alien. The Court held that the district court had not made findings sufficient to satisfy the requirement of Koon v. United States,[1] and remanded for the district court to do so.

---

[1] In Koon v. United States, 518 U.S. 96 (1996), the Supreme Court established the appropriate standards for appellate review of a district court's decision to depart from the Sentencing Guidelines. The Court explained that "[i]f a factor is unmentioned in the Guidelines, the sentencing court must, after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take the case

In <u>United States v. Smith</u>, 27 F.3d 649 (D.C. Cir. 1994), the Court held that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence," but cautioned that such a departure "on account of the deportable alien's severity of confinement may be quite rare." <u>Id</u>. at 655. Indeed, other circuits have held that this basis for departure is inappropriate. See <u>United States v. Restrepo</u>, 999 F.2d 640, 645 (2nd Cir. 1993) (The district court's disapproval of the Bureau of Prison's exercise of its discretion to deny a prisoner reassignment to a minimum-security facility is an inappropriate basis for departure.); <u>see also</u>, <u>United States v. Nnanna</u>, 7 F.3d 420, 422 (5th Cir. 1993) ("Collateral consequences, such as . . . ineligibility for more lenient conditions of imprisonment [] that an alien may incur following a federal conviction are not a basis for a downward departure."); <u>United States v. Mendoza-Lopez</u>, 7 F.3d 1483, 1487 (19th Cir. 1993) (We agree with the well reasoned decision of the Second Circuit [in Restrepo].).

The cases cited by Defendant do not support a blanket rule that allows for downward departures in this circumstance. Moreover, the cases cited by the Defendant are in a difference procedural posture than Defendant's in that they were both on direct appeal following conviction and sentencing. Here, Defendant did not file a direct appeal and was sentenced almost two years ago. Finally, this Court is not aware of statutory authority permitting the Court to modify Defendant's sentence at this juncture of the proceedings. For the reasons stated herein, Defendant's "Motion for Sentencing Adjustment" is DENIED.

---

out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on factors not mentioned in the Guidelines will be highly infrequent." <u>Id</u>. at 655. (Internal citations omitted).

SO ORDERED.

Signed: August 3, 2006

Graham C. Mullen
United States District Judge